IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIM. NO. 4:12-CR-181-ALM-CAN-18 |
| | § | |
| JEREMY PAUL SATTLER | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant Jeremy Paul Sattler's ("Defendant") supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 5, 2023, to determine whether Defendant violated the conditions of his supervised release. *See* Minute Entry for June 5, 2023. Defendant was represented by Assistant Federal Public Defender Douglas Schopmeyer, and the Government was represented by Assistant U.S. Attorney Ernest Gonzalez. *See id.*

On June 27, 2014, U.S. District Judge Richard A. Schell sentenced Defendant to a term of imprisonment of 135 months, followed by a term of supervised release of five years. *See* Dkts. 839, 909. Defendant's term of imprisonment was later reduced to 120 months. *See* Dkt. 1328. On March 9, 2021, Defendant completed his period of imprisonment and began service of the supervision term. *See* Dkt. 1470.

On April 21, 2023, the U.S. Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 1470). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia

1

related to any controlled substances, except as prescribed by a physician; and (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of United States Probation office, until such time as Defendant is released from the program by the probation officer. Defendant shall pay any cost associated with treatment and testing. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On October 31, 2022, Defendant submitted a urine specimen at the U.S. Probation Office in Dallas, Texas, which returned positive for amphetamines. On November 21, 2022, this sample was confirmed positive for methamphetamine by Alere Toxicology ("Alere").

- On January 19, 2023, Defendant submitted a urine specimen at Lakes Regional MHMR ("LRMHMR"), a contract provider in Greenville, Texas, which returned positive for amphetamines. On January 31, 2023, this sample was confirmed positive for methamphetamine by Alere.

- On February 18, 2023, Defendant submitted a urine specimen at LRMHMR which returned positive for amphetamines. On March 7, 2023, this sample was confirmed positive for methamphetamine by Alere.

- On February 24, 2023, Defendant submitted a urine specimen at the U.S. Probation Office in Dallas, Texas, which tested positive for amphetamines. On March 23, 2023, this sample was confirmed positive for methamphetamine by Alere.

- On March 6, 2023, Defendant submitted a urine specimen at LRMHMR which returned positive for amphetamines. This sample is pending confirmation with Alere.

- Defendant failed to provide urine specimens for testing at LRMHMR on February 17, 2023; February 23, 2023; and March 20, 2023. Defendant also failed to attend substance abuse treatment at LRMHMR on February 21, 2023.

- On March 22, 2023, Defendant was admitted to the Salvation Army in Dallas, Texas to participate in inpatient substance abuse treatment. On March 31, 2023, his probation officer, Bevan Vaughan, was notified that Defendant left the facility and was considered away without leave. As such, Defendant failed to attend inpatient substance abuse treatment until released from the program by the probation officer.

*See id.* On June 5, 2023, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for June 5, 2023. Defendant entered a plea of true to Allegations One (1) through Three (3), consented to revocation of his supervised release, and waived his right to object to the proposed

findings and recommendations of the U.S. Magistrate Judge. *See id*.; Dkt. 1480. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the June 5, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with thirty-six (36) months of supervised release to follow. The Court further recommends Defendant be placed at a halfway house, if appropriate.

**So ORDERED and SIGNED this 7th day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE