IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:12-CR-181- |
| § | ALM-KPJ-18 |
| JEREMY PAUL SATTLER § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Jeremy Paul Sattler's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 23, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Sean Taylor.

Defendant was sentenced on June 27, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of III, was 135 to 168 months. Defendant was subsequently sentenced to 135 months imprisonment, followed by five years' supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, obtain a GED, and a $100 special assessment. On May 31, 2016, pursuant to an Order Regarding Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), the imprisonment portion of the sentence was reduced to 120 months. On March 9, 2021, Defendant completed his period of imprisonment and began service of the

REPORT AND RECOMMENDATION – Page 1

supervision term. On August 12, 2016, the case was reassigned to The Honorable Amos L. Mazzant, III of the Eastern District of Texas. On June 8, 2023, the original term of supervised release was revoked, and Defendant was sentenced to eight months imprisonment, followed by a 36-month term of supervised release subject to the standard conditions of release and the previously imposed special conditions. On January 3, 2024, Defendant completed his period of imprisonment and began service of this term of supervised release in the Northern District of Texas.

On September 4, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #1510, Sealed). The Petition asserts that Defendant violated two conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; and (2) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #1510 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) During an office visit conducted on August 6, 2024, Defendant admitted, verbally and in writing, to his probation officer that he used methamphetamine on May 24, 2024. On June 17, 2024, Defendant submitted a urine specimen at Lakes Regional MHMR, Greenville, Texas, which returned positive for methamphetamine. The specimen was confirmed positive by the national testing laboratory. On July 30, 2024, Defendant submitted a urine specimen at Lakes Regional MHMR, Greenville, Texas, which returned positive for amphetamines. During an office visit conducted on August 20, 2024, Defendant admitted verbally and in writing to the probation officer that he used

methamphetamine on July 27, 2024. On August 7, 2024, Defendant submitted a urine specimen at Lakes Regional MHMR, Greenville, Texas, which returned positive for amphetamine. During an office visit conducted on August 6, 2024, Defendant admitted verbally and in writing to his probation officer that he used methamphetamine on August 2, 2024. During an office visit conducted on August 20, Defendant admitted, verbally and in writing, to his supervising probation officer that he used methamphetamine on August 18, 2024; and (2) Defendant failed to provide urine samples for testing at Lakes Regional MHMR, Greenville, Texas, on May 29, 2024, and June 17, 2024. (Dkt. #1510 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegation (2). Defendant entered a plea of true to allegation (1) of the Petition.

Having considered the Petition and the plea of true to allegation (1), the court finds that Defendant did violate his conditions of supervised release.

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months and one (1) day with no supervised release to follow.

The court further recommends that allegation (2) be dismissed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas area, if appropriate.

**SIGNED this 7th day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE